UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
STATE OF NEW YORK, and JOSEPH  :
MARTENS, as COMMISSIONER OF NEW  :
YORK STATE DEPARTMENT OF  :
ENVIRONMENTAL CONSERVATION,  :
:
                Plaintiffs,  :    07-CV-4231 (ENV) (VMS)
:
vs.  :    **CONSENT DECREE**
:
WEST SIDE CORP., SHELDON F. SCHIFF,  :
DOW CHEMICAL COMPANY, ETHYL  :
CORPORATION and PPG INDUSTRIES,  :
INC.,  :
:
                Defendants.  :
:
:
---------------------------------------------------------- x

Plaintiffs, the State of New York and Joseph Martens, the Commissioner of the New York State Department of Environmental Conservation ("DEC") (collectively, the "State"), and Defendants West Side Corporation ("West Side") and Sheldon F. Schiff ("Schiff") (collectively, the "West Side Defendants") hereby agree as follows:

**WHEREAS**, the State commenced this action against Defendants pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), and New York's common law public nuisance, restitution, and indemnification seeking to recover response costs that have been and will be incurred by the State in responding to the release or threatened release of hazardous substances at the property located at 107-10 180th Street, in Jamaica, Queens County, New York (hereinafter referred to as the "Site" or "Property");

**WHEREAS**, Defendant West Side owns the Site, subject to any liens, mortgages, or other encumbrances, which consists of approximately 4.5 acres;

**WHEREAS**, the Site is listed as a Class "2" site in the Registry of Inactive Hazardous Waste Disposal Sites in New York State (Site No. 241026), indicating that it poses a significant threat to the public health or environment;

**WHEREAS**, the State alleges that Defendant West Side is acting and has acted as an "operator" of the Site, within the meaning of CERCLA § 101(20)(A)(ii), 42 U.S.C. § 9601(20)(A)(ii), and is the "owner" of the Site, within the meaning of CERCLA § 101(20)(A)(ii), 42 U.S.C. § 9601(20)(A)(ii), and is jointly (with Defendant Schiff) and severally liable for all response costs incurred, and to be incurred, by the State in responding to releases of hazardous substances at the Site pursuant to CERCLA §§ 107(a)(2) and 113(g)(2), 42 U.S.C. §§ 9607(a)(2), 9613(g)(2);

**WHEREAS**, the State alleges that Defendant Schiff has acted as an "operator" of the Site, within the meaning of CERCLA § 101(20)(A)(ii), 42 U.S.C. § 9601(20)(A)(ii), and is jointly (with Defendant West Side) and severally liable for all response costs incurred, and to be incurred, by the State in responding to releases of hazardous substances at the Site pursuant to CERCLA §§ 107(a)(2) and 113(g)(2), 42 U.S.C. §§ 9607(a)(2), 9613(g)(2);

**WHEREAS**, the State alleges that it has incurred over $13,000,000 in response costs with regard to the Site not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (40 C.F.R. Part 300) (the "NCP"), and alleges that it will continue to incur costs in connection with its response actions at the Site;

2

**WHEREAS**, pursuant to a Stipulation of Voluntary Dismissal approved by the Court on December 13, 2011, the State dismissed all claims against defendants Dow Chemical Company, Ethyl Corporation and PPG Industries, Inc.;

**WHEREAS**, during the pendency of this case, and without any admission of liability, the State and the West Side Defendants engaged in settlement discussions regarding how to reimburse the State for the costs of cleaning up the Site, and the West Side Defendants informed the State that they would be interested in an "ability to pay" settlement based on their financial condition;

**WHEREAS**, the State investigated the West Side Defendants' financial circumstances and determined that an "ability to pay" settlement was proper considering their financial circumstances;

**WHEREAS**, based on the West Side Defendants' financial circumstances, the State agreed to settle with the West Side Defendants for less than 100% of the costs incurred, and to be incurred, by the State;

**WHEREAS**, this Consent Decree ("Decree") will resolve the State's claims in this action against the West Side Defendants; and

**WHEREAS**, the State and the West Side Defendants (collectively, the "Parties") desire to enter into this Decree in order to fully and finally resolve all claims that have been, and could now or hereafter be asserted by the Parties with respect to the matters covered herein without the necessity or further expense of prolonged and complex litigation, and without admission, adjudication or determination of any issue of fact or law, and the State has determined that settlement of its claims against the West Side Defendants in accordance with the terms set forth below is practicable and in the best interest of the public.

3

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:**

**PURPOSE AND SCOPE OF THIS DECREE**

1. The purpose of this Decree is to fully resolve all claims set forth in the State's Complaint and any other claims which could have been made by the State against Defendants with regard to Covered Matters, defined in Paragraph 2 below, and subject to Paragraphs 23 and 24 below; and to provide full and complete contribution protection to the West Side Defendants with regard to the Covered Matters pursuant to CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2).

2. "Covered Matters," as that term is used in this Decree, is defined to include any and all past or future claims that were, or could now or hereafter be, asserted by the State or any other entity against Defendants Schiff and/or West Side arising out of or in connection with the disposal, release, and/or threat of release of hazardous substances at or from the Site on or before the Effective Date of this Decree, including but not limited to damages to natural resources, excluding those rights specifically reserved in this Decree.

**JURISDICTION**

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b). Defendants hereby waive all objections and defenses they may have to the jurisdiction of the Court or to venue in this District. The Court shall have continuing jurisdiction to enforce the terms of this Decree and to resolve any disputes that may arise hereunder.

**PARTIES BOUND**

4. This Decree shall apply to, and be binding upon, the State including its departments, agencies, and instrumentalities, and upon Defendants, their agents, successors, representatives

4

and assigns. Each signatory represents that he or she is fully and legally authorized to enter into the terms and conditions of this Decree and to bind the party on whose behalf he or she signs. Any change in ownership or corporate status of Defendant West Side, including any transfer of assets or real or personal property, shall in no way alter its responsibilities under this Decree, and nothing herein shall be construed to reduce or increase the obligations of Defendant West Side in the event it enters into a merger or other corporate reorganization.

## DEFINITIONS

5. Unless otherwise expressly defined herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "Fair Market Value" shall mean the price at which the Property would change hands between a willing buyer and a willing seller under actual market conditions, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

b. "Interest" shall mean interest at the rate of nine per centum per annum specified in Section 5004 of the New York Civil Practice Law and Rules.

c. "Net Sales Proceeds" shall mean the total value of all consideration received by Defendant West Side for the Transfer (as defined below), with deduction for only the following costs associated with the completion of the Transfer, to the extent such costs are actually paid by Defendant West Side or deducted from the sale proceeds: (a) the real estate agent commission (not to exceed 6%); (b) any recording fees; (c) the reasonable costs of an appraisal(s) of the Property; (d) any transfer taxes required by law; (e) any liens, mortgages or other encumbrances on the Property; (f) judgments, fines, violations and penalties levied against

5

the Property; (g) the Defendants' attorney fees not to exceed $10,000; and (h) any other commercially reasonable costs or expenses agreed to be paid at closing by Defendant West Side pursuant to an agreement of sale.

        d. "Property" shall mean the parcel located at 107-10 180th Street, Jamaica, Queens, New York, and described in the deed, which is attached to this Decree as Exhibit A.

        e. "Transfer" shall mean sale, assignment, transfer or exchange by Defendant West Side (or its successor) of the Property with prior written notice to DEC in accordance with 6 NYCRR Section 375-1.11(d), where title to the Property is transferred and its fair market value is received in consideration. "Transfer" does not include a transfer pursuant to an inheritance or a bequest or a change in the officers, directors, executives or ownership of Defendant West Side.

## DISCLAIMER OF ADMISSIONS AND DENIALS

6. Nothing in this Decree shall constitute, or be construed as, an admission or adjudication of liability on any issue of law or fact.

7. The West Side Defendants are entering into this Decree as a compromise of disputed claims and in doing so do not admit or deny any liability, wrongdoing or fault under any of the claims alleged against it in the Complaint.

## PAYMENT OF STATE RESPONSE COSTS

8. Defendant Schiff shall pay the total amount of $225,000 to the State as follows: (a) $55,000 within 15 days after entry of this Decree; (b) $34,000 on or before the first anniversary of entry of this Decree; and (c) $34,000 on or before every successive anniversary thereafter until that amount is paid in full. Payment in full of the $225,000 will constitute full satisfaction of Defendant Schiff's obligations pursuant to this Decree and Defendant Schiff will thereafter have

6

no further liability or obligation to the State with regard to the Covered Matters and the State within twenty (20) days from receipt of the final payment shall enter a Satisfaction of Judgment as to Defendant Schiff. Each payment shall be remitted by electronic funds transfer to:

| | |
|---|---|
| Financial Institution: | M&T Bank, Buffalo, New York |
| Routing No.: | To be provided to defendants under separate cover |
| Account Name: | State of NY DEC Revenue Account |
| Account No.: | To be provided to defendants under separate cover |
| Site Identifier: | West Side Corporation Site |
| Contact at M&T Bank: | Michael Whalen at 518- 426-6373 |
| Contact at DEC: | Robert Schwank at 518- 402-9365 |

9. At the time each such payment is remitted, Defendant Schiff shall provide written or electronic notice of the remittance in accordance with Paragraph 25 below. Defendant Schiff's failure to make the payments required in Paragraph 8 in the time period specified therein shall constitute a default under this Decree. In the event of a default, the State shall provide Defendant Schiff notice of same and shall provide Defendant Schiff with ten (10) business days from receipt of notice by which to cure the default. Should Defendant Schiff fail to make payment within ten (10) business days after receipt of notice of said default, the entire remaining balance shall become due and payable.

10. Defendants hereby certify that West Side Corp. is the sole owner, in fee simple, of the Property, subject to a mortgage, liens and any other encumbrances.

11. In the event that Defendant West Side causes the Transfer of the Property, Defendant West Side shall at the time of Transfer of the Property, pay the State up to 100% of the Net Sales Proceeds in reimbursement of response costs, but in no event more than Five Million Dollars ($5,000,000.00), plus Interest accrued from the date of Transfer as referenced in Paragraph 5(e). Payment of the Net Sales Proceeds shall constitute full satisfaction of Defendant West Side's obligations pursuant to this Decree and Defendant West Side will thereafter have no

7

further liability or obligation to the State with regard to the Covered Matters, and the State shall, within twenty (20) days of receipt of the Net Sales Proceeds, enter a Satisfaction of Judgment as to Defendant West Side.

12. Defendant West Side's failure to make the payment required in Paragraph 11 in the time period specified therein shall constitute a default under this Decree. In the event of a default, the State shall provide Defendant West Side notice of same and shall provide Defendant West Side with ten (10) business days from receipt of notice by which to cure the default. Should Defendant West Side fail to make the payment within ten (10) business days after receipt of notice of said default, the State shall be entitled to enforce the terms of this Decree.

13. Defendant West Side shall neither attempt to, nor actually sell, assign, convey, exchange or otherwise encumber the Property in any way except by means of a Transfer, as defined herein, except where required by law or judicial Order. Notwithstanding the foregoing, nothing herein shall restrict Defendant West Side from re-financing the principal loan on the Property or operating the Property in any manner so long as there shall be no activity that will, or that reasonably is anticipated to, prevent or interfere significantly with any proposed, ongoing or completed program at the Property, or that will expose the public health or the environment to a significantly increased threat of harm or damage.

14. The payment terms under this Decree represent a fair and reasonable contribution by the West Side Defendants toward the total response costs that have been incurred at the Site by the State. The Parties agree, and this Court by entering this Decree finds, that this Decree has been negotiated in good faith, that settlement of this matter will avoid prolonged and complicated litigation, and that this Decree is fair, reasonable, and in the public interest.

8

15. Defendant Schiff acknowledges and agrees that this Consent Decree shall be binding upon his estate, should he pre-decease the performance of his obligations in this Consent Decree.

## ENVIRONMENTAL EASEMENT

16. Defendant West Side shall grant to the State an Environmental Easement that is substantially similar to the Environmental Easement attached to this Consent Decree as Exhibit B providing access to the Site for construction, operation, maintenance and monitoring of the remedy selected in the ROD for OU-1 of the Site, and restricting the future use of the Site.

## COVENANTS NOT TO SUE

17. **Covenant Not To Sue Defendants**. For so long as the West Side Defendants comply with all terms of this Decree, and subject to the Reopener specified in Paragraph 24 of this Decree, the State releases and covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law (other than enforcement of this Decree) against any and all of the West Side Defendants or their respective affiliates, subsidiaries, agents, attorneys, related entities, predecessors, successors and assigns, and their respective past, present and future employees, officers and directors, for any matter arising out of or relating to the Covered Matters including, without limitation, any claims or causes of action for costs, damages, enforcement costs, interest, indemnification, contribution or attorneys' fees.

18. **Covenant Not To Sue By The Defendants**. Each of the West Side Defendants releases and covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law against the State, or its employees or departments, or to seek against the State, any costs, damages, contribution or attorneys' fees arising out of any of the Covered Matters in this Decree; provided, however, that if the State,

9

pursuant to the Reopener, asserts a claim or commences or continues a cause of action against any of the West Side Defendants with respect to the Site, other than to enforce the obligations contained in this Decree, this Paragraph 18 shall not preclude the assertion by such Defendant of any claims, counterclaims, defenses, or other causes of action against the State. Notwithstanding the foregoing, any of the West Side Defendants may assert any claims or causes of action against any person other than the State or parties related to it, to the extent permitted by law, for any costs, damages, contribution or attorney's fees arising out of any of the Covered Matters in this Decree.

## CONTRIBUTION PROTECTION

19. In consideration of the West Side Defendants' compliance with this Decree, the Parties agree that the West Side Defendants are entitled, as of the Effective Date of this Decree, to the full extent of protection from contribution actions or claims as provided by CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, whether by statute or common law, extinguishing the potential liability of the West Side Defendants to persons not party to this Decree for the Covered Matters. As provided under CERCLA § 113(f), 42 U.S.C. § 9613(f) and New York General Obligations Law § 15-108, and to the extent authorized under any other applicable law, the West Side Defendants shall be deemed to have resolved their liability to the State under applicable law including, without limitation, CERCLA, the New York State Environmental Conservation Law, and common law, for purposes of contribution protection and with respect to the Covered Matters addressed pursuant to and in accordance with this Decree. As provided under CERCLA § 113(f)(2), 42 U.S.C. § 9613(f)(2), the West Side Defendants shall not be liable for claims for contribution with respect to the Covered Matters.

20. Any rights the West Side Defendants may have to obtain contribution or otherwise recover costs or damages from persons not party to this Decree are preserved. In addition, all claims and defenses of the West Side Defendants with respect to all persons other than the State are expressly reserved.

## DISMISSAL OF THE STATE'S CLAIMS AND RETENTION OF JURISDICTION

21. All Claims asserted by the State in the Complaint against the West Side Defendants are hereby dismissed with prejudice.

22. For purposes of entry and enforcement of this Decree, the Parties to this Decree agree that the Court has jurisdiction in this matter and shall retain jurisdiction until the West Side Defendants have fulfilled their obligations hereunder.

## EFFECT ON LIABILITY OF OTHER PARTIES

23. Nothing in this Consent Decree is intended as a release of, or covenant not to sue with respect to, any person or entity other than the West Side Defendants, their agents, successors, representatives, heirs, and assigns, and the State expressly reserves its rights to assert in a judicial or administrative forum any claim or cause of action, past or future, in law or in equity, that the State may have against any other person, firm, corporation, or other entity.

## REOPENER

24. Notwithstanding any other provision of this Decree and any release, discharge or covenant not to sue that the West Side Defendants may receive from the State, the State reserves, and this Decree is without prejudice to, the right of the State to institute proceedings seeking to compel the West Side Defendants: (a) to perform further response actions relating to the Site, or (b) to reimburse the State for future additional costs of response, in either case only if:

11

(i) conditions at the Site that arose out of or in connection with the disposal, release, and/or threat of release of hazardous substances (as defined by CERCLA § 101(14), 42 U.S.C. § 9601(14)) at or from the Site on or before the Effective Date of this Decree are discovered after the Effective Date of this Decree and such conditions were previously unknown to the State, or

(ii) information, previously unknown to the State is received after the Effective Date of this Decree; and these previously unknown conditions or information, together with any other relevant information, indicate that the response actions selected for the Site are not protective of human health or the environment.

For purposes of this Reopener, previously known conditions at the Site and previously known information include all conditions and information known to the State as of the Effective Date of this Decree including, but not limited to, all conditions identified and information contained or submitted for inclusion in the Administrative Record, attached as Exhibit A to the Records of Decision for Operable Units 1 and 2 of the Site, dated July 2000 and February 2002, respectively, or in the files and records of the DEC.

## NOTIFICATIONS

25. Any notification to the State and the West Side Defendants shall be in writing or by electronic mail and shall be deemed properly given if sent to the following:

> **As to Defendants West Side Corp. and Sheldon F. Schiff**
> Joshua M. Levy, Esq.
> Tannenbaum Helpern Syracuse &
> Hirschtritt LLP
> 900 Third Avenue
> New York, New York 10022
> levy@thsh.com
>
> and

        Sheldon Schiff
        280 Pepperidge Road
        Hewlett Harbor, New York 11557

        and

        Marla Stein
        1385 York Avenue, Apartment 3B
        New York, New York 10021

        **As to the State of New York**
        Janice A. Dean, Esq.
        Assistant Attorney General
        New York State Department of Law
        Environmental Protection Bureau
        120 Broadway - 26th Floor
        New York, New York 10271
        Janice.Dean@ag.ny.gov

        and

        Alali Tamuno, Esq.
        Office of the General Counsel
        New York State Department of Environmental
        Conservation
        100 Hillside Ave, Suite 1W
        White Plains, New York 10603
        amtamuno@gw.dec.state.ny.us

Notification solely of the payments made pursuant to Paragraphs 8, 9, and 11 above also

shall be sent via electronic mail by the West Side Defendants to:

        Dorcey Bennett
        New York State Office of the Attorney General
        Budget and Fiscal Management Bureau
        Revenues& Restitutions Unit
        State Capitol, Albany, New York 12224
        Dorcey.Bennett@ag.ny.gov

        and

        Laura Zeppetelli
        Director
        Bureau of Program Management
        Division of Environmental Remediation

New York State Department of Environmental Conservation
625 Broadway, 12th Floor
Albany, New York 12233-7012
lmzeppet@gw.dec.state.ny.us

### COMPLETE AGREEMENT/SIGNING

26. This Decree constitutes the complete agreement of the Parties. This Decree may not be amended, modified, supplemented, or otherwise changed without the written consent of both the State and the West Side Defendants, and approval of the District Court. This Decree may be signed in counterparts.

### EFFECTIVE DATE

27. This Decree shall be effective upon the date that the Court enters this Decree. All times for performance of activities under this Decree shall be calculated from that date.

**STATE OF NEW YORK**

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York

Dated: 25 February, 2014
New York, New York

By: _____
Janice A. Dean, Esq.
Assistant Attorney General
Environmental Protection Bureau
120 Broadway, 26th Floor
New York, New York 10271
(212) 416-8459

**WEST SIDE CORP.**

Dated: 2-20-14, 2014
New York, New York

By: _____
Sheldon F. Schiff, its authorized signatory

14

Dated: **2·20·**_____, 2014       **SHELDON F. SCHIFF**
New York, New York

_____

So Ordered

   s/Eric N. Vitaliano          **FEB 2 6 2014**

_____    Date: _____
**The Honorable Eric N. Vitaliano**
**United States District Judge**
**Eastern District of New York**

15